UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARIN BANAS,

                               Plaintiff,

        -vs-                       **No. 1:13-CV-01066 (MAT)**
                                         **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

---

**I.**   **Introduction**

Represented by counsel, Darin Banas ("plaintiff") initially brought this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). On August 11, 2016, this Court reversed and remanded for further administrative proceedings. Doc. 26.

Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $9,166.23, which represents payment for 48.5 hours of work on plaintiff's case. The Commissioner opposes plaintiff's motion, and asks the Court to reduce plaintiff's award of fees. For the reasons set forth below, this Court grants plaintiff's motion for EAJA fees.

**II.  Discussion**

The EAJA provides in relevant part that:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). There is no dispute that plaintiff is entitled to attorney's fees under the EAJA; the only question is whether the amount requested is reasonable.

The Commissioner contends that the hours expended on the case were unreasonable, citing case law finding that generally, 20 to 40 hours of work is appropriate on a routine Social Security case. See Barbour v. Colvin, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014) ("District courts in this Circuit generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases."). The Commissioner does not assert a substantial justification defense and does not argue that the hourly rate requested is unreasonable. Rather, the Commissioner argues that the fees requested should be reduced to reflect 25 to 35 hours of work. The Commissioner contends that plaintiff's counsel improperly billed for clerical and administrative tasks, and spent too long (4.3 hours) in preparing the instant EAJA motion.

The Court must determine if the hours expended and the rates charged by plaintiff's attorney are reasonable, which remains the burden of the fee applicant. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court has broad discretion to determine the amount of time reasonably expended, and is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. Aston v. Sec'y. of Health and Human Serv., 808 F.2d 9, 11 (2d Cir. 1986).

Prior to filing this motion, plaintiff's counsel, Lewis L. Schwartz, Esq., sent an invoice to the Commissioner reflecting a fee of $8,244.00, at a reduced rate of $180.00 per hour, for a total of 45.8 hours of work. The Commissioner declined the invoice, necessitating this motion. Mr. Schwartz has submitted documentation establishing the time spent representing plaintiff in this action, including time preparing the instant motion. As noted above, Mr. Schwartz now requests $9,166.23, which reflects a total of 48.5 hours of work.[1] The hourly rates requested, adjusted for inflation, are $187.98 for work performed in 2013, $187.79 for work performed in 2014, and $190.20 for work performed in 2016. Mr. Schwartz argues that the time expended on plaintiff's case was reasonable, considering the relative complexity of the issues presented and the fact that plaintiff filed not only an initial

---

[1] Mr. Schwartz notes that he has already conceded 1.4 hours of clerical tasks and removed this time from the fees requested.

motion for judgment on the pleadings, but also a supplemental motion based on new evidence when counsel obtained a subsequent favorable decision on a separate claim. Indeed, one reason this Court gave for remand was to consider the new evidence consisting of the decision on plaintiff's later claim.

Although it is true that a typical Social Security case requires between 20 and 40 hours of work, this case did present unusual issues which led to counsel filing a supplemental motion in addition to his original motion for judgment on the pleadings. The size of the record was also substantial. The Court has reviewed Mr. Schwartz's submissions and finds that his request is not unreasonable. "Where the facts of a specific case warrant it, courts do not hesitate to award fees in excess of the routine twenty to forty hours." Fee v. Astrue, 2013 WL 5703208, *2 (W.D.N.Y. Oct. 17, 2013) (citing Scott v. Astrue, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007) (awarding EAJA fees for 51 hours of attorney time); Kania v. Shalala, 1995 WL 307604, *3-4 (W.D.N.Y. 1995) (awarding fees for 51.9 hours of attorney time spent on matter presenting complicated medical issues)).

Moreover, the requested hourly rates of approximately $189 per hour are reasonable under relevant precedent. See, e.g., James v. Colvin, 66 F. Supp. 3d 365, 367 (W.D.N.Y. 2014) (finding rates of $185.04 for 2011 and $193.15 for 2014 reasonable) (citing Barbour v. Astrue, 950 F. Supp. 2d 480, 492 (E.D.N.Y. 2013) (approving

attorney's fees of $192.39 per hour); Rocchio v. Commissioner, 2012 WL 3205056, *3-4 (S.D.N.Y. 2012) (finding hourly rates between $177.80 and $184.90 per hour were reasonable)). Accordingly, plaintiff's motion is granted.

### III. Conclusion

For the foregoing reasons, plaintiff's motion for attorney's fees (doc. 28) is granted. The Commissioner is directed forthwith to remit to plaintiff's counsel $9,166.23.

**ALL OF THE ABOVE IS SO ORDERED.**

 

 

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     November 16, 2016
           Rochester, New York.